# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 5, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| GLENN F. WOLLINGER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 21-733V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for a Decision |
| AND HUMAN SERVICES, | * | Dismissing His Petition; Influenza ("Flu") |
| | * | Vaccine; Pneumococcal ("PPSV23") |
| Respondent. | * | Vaccine; Non-Covered Vaccine; Shoulder |
| | * | Injury Related to Vaccine Administration |
| * * * * * * * * * * * * * * * * * * | | ("SIRVA"). |

Heather Varney Menezes, Shaheen & Gordon, P.A., Manchester, NH, for petitioner.
Mallori Openchowski, United States Department of Justice, Washington, DC, for respondent.

**DECISION**[1]

On January 12, 2021, Glenn F. Wollinger ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of an influenza ("flu") vaccine administered on October 28, 2020, he suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at Preamble (ECF No. 1). The information in the record, however, does not show entitlement to an award under the Program.

On April 5, 2022, petitioner moved for a decision dismissing his case, stating that "consent forms show that [p]etitioner received the [flu] vaccine in his left shoulder and the pneumococcal vaccine (Pneumo23/PPSV23) in his right shoulder. Therefore, [p]etitioner did not

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

suffer a SIRVA injury in his right shoulder, but suffered injuries from the pneumococcal vaccine." Petitioner's Motion to Dismiss Petitioner for Vaccine Compensation, filed Apr. 5, 2022, at 1 (ECF No. 33). Because "the [PPSV23] vaccine is not covered by the Vaccine Program[,] . . . [p]etitioner is moving to dismiss the Petitioner for Vaccine Compensation." Id. at 2. "Petitioner has been advised by counsel of this development and agrees to the filing of this motion to dismiss." Id.

To receive compensation under the Program, petitioner must prove he "received a vaccine set forth in the Vaccine Injury Table." § 11(c)(1)(A). The records submitted by petitioner show that he does not meet the statutory requirement. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Human Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of petitioner's motion and a review of the record, the undersigned finds that petitioner is not entitled to compensation. **Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

      **IT IS SO ORDERED.**

                                        **s/Nora Beth Dorsey**
                                        Nora Beth Dorsey
                                        Special Master